IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bil-Jax, Inc.,                                                    Case No. 3:05CV7107

           Plaintiff

      v.                                                          ORDER

SEV Group, Ltd., et al.,

           Defendants

This is a declaratory judgment suit in which plaintiff Bil-Jax, Inc. (Bil-Jax) seeks a declaration that defendant SEV Group, Ltd. (SEV) owes Bil-Jax a duty to defend and indemnify it from losses in a personal injury case brought against Bil-Jax in Massachusetts. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

Pending is SEV's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below SEV's motion shall be denied.

**Background**

On June 15, 2004, Roger Buck filed suit in Massachusetts state court against various parties seeking damages for personal injuries resulting from Buck's use of a hydraulic boom lift. Bil-Jax distributed the lift and is a defendant in the Massachusetts case.

SEV manufactured the lift, and Bil-Jax alleges that SEV has a contractual duty to defend it in the Massachusetts suit. Bil-Jax also contends that SEV is contractually obligated to indemnify it from any losses resulting from the personal injury action.

On or about July 24, 2001, Bil-Jax and SEV contracted to establish Bil-Jax as the sole distributor of hydraulic boom lifts manufactured by SEV. Paragraph 14 of the licensing agreement provides, in part, "SEV to have responsibility for product liability for UK manufactured Products." (Doc. 1-2, Exh. C, at Para. 8.) Further, the purchase order for the hydraulic lift atates::

> Vendor shall indemnify Buyer and hold Buyer harmless from all claims, . . . and expenses (including the costs of defense and reasonable attorneys' fees and other litigation expenses, . . . ), and/or damage to property and injuries, including death caused in whole or in part by: (i) the acts or omissions (including negligence) of Vendor, its agents, or employees or representatives; (ii) the furnishing, installation, erection, repair, adjustment, use or operation of the Materials; (iii) a breach of Vendor's warranties and guarantees, either expressed or implied; or (iv) any other breach of the terms of this Purchase Order.

(Doc. 1-2, Exh. A, at Para. 14.)

Plaintiff Bil-Jax alleges that these provisions requires SEV to defend it in the Massachusetts personal injury suit and to indemnify it for any adverse judgment.

**Standard of Review**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted, the court reads the complaint in the light most favorable to the complaining party, and all of the complaining party's factual allegations are accepted as true. Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir. 1987). The court's task is to determine not whether the complaining party will prevail on its claims but whether it is entitled to offer evidence to support those claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal is appropriate only if it appears beyond doubt that the complaining party can prove no set of facts in support of the claims that would entitle him or her to relief. Pfennig v.

Household Credit Servs., 295 F.3d 522, 525-26 (6th Cir. 2002) (citing Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998))

## Discussion

SEV moves to dismiss this declaratory action on two grounds: 1) Bil-Jax's claim for indemnification is not ripe; and 2) the contract does not obligate SEV to defend Bil-Jax in the Massachusetts action.

### 1. Duty to Indemnify

SEV contends that Bil-Jax's claim for indemnification is not ripe because there is, as yet, no loss to indemnify, and thus there is no actual controversy between the parties. Bil-Jax argues that the interpretation of the contract terms, including whether they impose a duty to indemnify on SEV, is presently in dispute, creating an current and actual controversy.

SEV, relying on *Midwest Found. Indep. Physicians Assoc. v. U.S.*, 1986 U.S. Dist. LEXIS 27060 (S.D. Ohio Apr. 8, 1986), argues that before an action for liability can be ripe for review, there must be a finding of actual liability. In *Midwest* the court held that the indemnity claim lacked sufficient immediacy to meet ripeness requirements because the state court action had yet to ascertain plaintiff's loss. *Id*. at *8-9.

In this case, however, Bil-Jax asserts not just an indemnity claim, but also a claim that SEV has a duty to defend the Massachusetts suit. The court in *Midwest* acknowledged that its holding applied only where there was no duty to defend at issue. The court also noted that the duty to defend arises when suit is filed. *Id.* at *6-7.

In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), the Supreme Court held that in a declaratory judgment action, where the duty to defend and indemnify are both at

issue, a ripe controversy exists. Further, the parties are entitled to a judicial determination of the status of its demand for a defense. *See Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969) ("[T]he insurer is entitled to be advised by declaratory decree whether it is obligated to defend and indemnify the insured.").

Where a duty to defend is at issue, therefore, the entire declaratory action, including the indemnity action, is ripe. *See Maryland Cas. Co.*, 312 U.S. at 274.

Consequently, to determine the ripeness of the indemnity claim, an analysis of the merits of the duty to defend action is necessary.

## 2. Duty to Defend

SEV also contends the contract did not impose on SEV a duty to defend Bil-Jax in the pending Massachusetts litigation.

Under Ohio law, the duty to defend is separate and distinct from the duty to indemnify. *W. Lyman Case & Co. v. Nat'l City Corp.*, 76 Ohio St. 3d 345 (1996). SEV argues that the licensing agreement and purchase order may only be construed as conferring imposing a duty on SEV to indemnify Bil-Jax. Bil-Jax contends that ¶ 14 of the licensing agreement created a contractual obligation for SEV to defend it in the Massachusetts personal injury action. SEV argues that a duty to defend exists only where the language of the contract specifically so provides, and that without such language, no duty to defend exists. For this proposition, SEV cites two bodies of case law, neither of which is persuasive.

The first set of cases cited by SEV stands for the proposition, well settled under Ohio law, that, where a duty to defend is explicit in the contract, this duty is preserved even where it is only "potentially

or arguably" applicable to the given situation. *Id.*; *see also Total Petroleum, Inc. v. Hartford Accident and Indem. Co.*, 1997 WL 704932 (6th Cir. Nov. 7, 1997) (Unpublished disposition).

Second, SEV cites cases holding that there is no duty to defend where the contract language expressly limits liability to specific situations. In *Maryland Casualty Co. v. Transportation Underwriters*, 240 F.Supp. 192 (N.D. Ohio 1965), the court held that where the contract stated, by its express terms, that the defendants were to pay a portion of the costs only if a lawsuit was unsuccessful, no duty to defend existed.

SEV contends that these two bodies of case law support the finding that no duty exists in situations, as here, where no express duty to defend is enumerated.

I disagree. The cases cited by defendant do not stand for the proposition that, for a duty to defend to exist, explicit language conferring such a duty must be contained in the express contract terms. Further, I find no Ohio case law to support such a rule. The licensing agreement language is sufficiently broad to encompass a duty to defend.

Where the language of a contract is reasonably susceptible to multiple interpretations, Ohio law dictates construing the language in favor of the party seeking to enforce the duty. See *Hacker v. Dickman*, 75 Ohio St. 3d 118 (1996). Even if the documents forming the contractual understanding between the parties are ambiguous, SEV is not entitled to dismissal of this suit.

## Conclusion

Because, under Ohio law, a court may find a duty to defend where one is not explicitly stated in the contract, Bil-Jax has stated a claim for which relief may be granted.

It is therefore:

ORDERED THAT SEV's motion to dismiss be, and the same hereby is, denied.

5

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge